Good morning, your honors. Hold on, let's just wait for everyone to exit the room and then we'll start. Okay, Mr. Wallenstein. Good morning, your honors. John Wallenstein on behalf of Oleg Koshkin. So I think the gravamen of the issue before this court is that this case should never have been brought in the District of Connecticut. I'm not sure where it should have been brought because I don't think there was any proof that Venue was specific in any particular state or district. The government... Well, haven't we said that Venue is allowed as long as there's at least one computer that's affected in the district? Yes, that certainly is the case. Okay, so if he has a botnet of 50,000 computers, isn't it reasonable to think that there was one in Connecticut? But there was no proof that there was, in fact, a computer within the state of Connecticut. Isn't it true that Mr. Koshkin didn't raise the issue of Venue in his motion for acquittal? I concede that that is the fact below. Okay, so if it's not impossible that there was one because there were a lot of computers involved and the defendant never raised it, why would we overlook that waiver to start talking about Venue after a trial? Well, in the first place, because Venue is indispensable. It's guaranteed in the Constitution in two places. In Article III, that talks about the state where the crime is committed, and in the Sixth Amendment, which talks about both the state and the district. So Mr. Koshkin said he had a computer in every state in the United States. No, Mr. Levishoff said that. Oh, sorry. Okay, Mr. Levishoff did that. Sorry, but that's relevant because that's about the scheme, right? So Mr. Levishoff says there's one computer in every state in the country. So there's a basis for concluding that it's in Connecticut. And if the defendant doesn't raise Venue, isn't the natural implication that he's not contesting it because it's appropriate? Well, in the first place, I'm not sure that Levishoff said, I had a computer in every state. He said, I must have had a computer in every state. He said, I probably had a computer in every state and probably a computer in Connecticut. But I think that if you look at Levishoff's testimony, I mean, here's a guy who was paid thousands of dollars a month by the by the federal government to become essentially the star witness against Oleg Koshkin. And in the process, Mr. Levishoff said, well, I must have. I've had this wonderful botnet that I was going to infect the whole computer world. And certainly I was going to infect computers in every state. But there was no proof that he actually did that. And by his own testimony, when he said. His testimony is proof, right? Well, you're just saying there wasn't more proof. Well, I'm saying it's not sufficient. I don't think that him saying I must have is enough. I think had there been an actual computer in the state of Connecticut that was affected by this botnet, that the government could have brought in that person or that company and said it was my computer. Certainly if your client had contested venue or said that the venue was inappropriate, then maybe the government would have done that to establish venue. But if you never raised the question, why would the government be obliged to do that? Well, because I think the government is responsible to prove venue by a preponderance. And in every district court. But it's contested, right? I'm sorry? No, but it's contested. Well. Which it wasn't. They do have the obligation to prove it. In most criminal cases, and I handle district court cases as well as appellate cases. And in the district court, when a plea offer is made, the government generally says, look, your client has to concede that he committed these acts within the district or within this particular county. Or tell us where he did it, and we'll take judicial notice. Specifically, what rights would you say your client's rights were violated as a result of a venue error, specifically? What substantial rights? Well, I think that if there was no proof that there was ever a computer within the state of Connecticut that was violated, then he would be entitled to a dismissal of the indictment. Remember, he was never in the state of Connecticut until he was brought there under arrest. He was traveling in California on a tourist visa when he was arrested on this warrant. So he was never there. He had no specific knowledge that there were any computers that would have been affected within the state of Connecticut specifically. I think Mr. Levashov's. You're not actually arguing that this trial would have come out differently given the evidence in a proper venue? Well, I think that the trial would have come out differently had there been a contest of venue. And I concede that that is an issue for us. That's an issue here. I mean, there wasn't an argument about venue in the district court because it wasn't raised. I do understand that. And normally, waiver is possible as far as venue is concerned. Well, I'm not so sure it's waiver so much as forfeiture because a waiver really has to be knowing. But the forfeiture here that the government is claiming, I think that this issue is so fundamental that the district court had an obligation to come forward and say, where's your proof of venue? Or at the very least, to instruct the jury that they would need to find that there was a computer within the state of Connecticut. They could have found it. Would it have to do that sua sponte even if the defendant's not contesting venue? I think so. I think in this case. Why is that? Because it was just so obvious that there wasn't venue? Is that your theory? Because the proof of venue was so tenuous. The testimony of Levashov saying I had a computer in every state. And even the answer to did you have a computer in the state of Connecticut was probably yes. And yet when you take his percentages, it doesn't add up. And I point that out in my brief. Well, I mean, you point that out about 16 percent, but you for some reason calculate 16 percent of the states as opposed to 60 percent of the computers. Well, even 60 percent of the computers would still be of 10,000 would still be 80 computers in every state. Right. I never was very good at math. But, yes, it would be. It would be sixteen hundred computers. Sixteen hundred computers would be 80 computers in every state. Right. So if he only has a 15 – even if – so first of all, the 10,000 is what he's testing it on. So even assuming there are only 10,000 computers, which is not maybe a valid assumption, but even assuming there's 10,000 and he only gets a response from 16 percent, that's still 1600 computers that he testified were across all the states. So it's 80 computers per state. So why couldn't the district court say, well, it seems like there probably was one, you know, more likely than not in Connecticut. And if the defendant doesn't contest venue, I'm not going to sui sponte raise that question, that issue. Well, because even if it was 1600 computers across the United States, there's no guarantee that all of them were evenly distributed. That's not how this botnet worked. But if there was reason for thinking that they're not evenly distributed, then shouldn't the defendant have said there were none in Connecticut? I agree that the defendant should have argued venue and sought an instruction on venue. But I think that under these circumstances, with the weak, the very weak proof of a connection to – But why isn't that at this point entirely waived? Go ahead. And not raising it. Why is that not waived? Why is it that we should even consider that at this point? Well, because I think that the issue is so important that the district court should have raised it sui sponte, Your Honor. Do you have any legal basis for that? I do. There is a case, which I did cite, I believe. And I will tell you in a moment. Were the courts sui sponte considerate? Yes. Under Frady, I think it's plain error and so egregious that the district court had the obligation to instruct the jury. You would say that this is not – I'm sorry. Go ahead. I would say in this case that we're not looking at those type of circumstances. I mean, there was testimony that suggests otherwise in this case. There was testimony that suggests that there was a computer in Connecticut. But I think that it was so weak and so tenuous that the district court should at the very least have instructed the jury that they needed to find that connection. And the failure to do so, I think, is error that requires another trial. The whole point of raising the issue in the district court is to put the government on notice that it's an issue. And then they can expand their proof. They can check for IP addresses. They can do whatever and look for metadata. I don't know enough about the technology of searching out computers that are being reached through this bot system. But without any warning, it's sandbagging at its best, it seems to me. Well, with respect, Judge Walker, I don't think it's sandbagging to hold the government to their burden. Granted, it's preponderance, not beyond a reasonable doubt, on the issue of venue. But it's still their burden, and in their trial prep, they should have said, well, hey, look, we found a computer in Connecticut. Let's put this guy on the stand, or let's put in this computer a record that shows this botnet was actually in Hartford. I think there has to be something beyond Levishoff saying, I know I had that. Okay, thank you very much, Mr. Wallenstein. Thank you. We have reserved time for rebuttal. Let's turn to the government. Mr. Chang. Good afternoon, Your Honors. Edward Chang for the United States. I also represented the government at the trial below. And so I can tell the court quite candidly that if the court were to review the testimony where Levishoff said that probably there were computers in every state, that testimony was elicited specifically for the purpose of establishing venue. There was no other reason for asking that series of questions. And the government fully knew that at that time, and always, obviously, that preponderance is the standard for establishing venue. And so when Levishoff said probably, yes, that satisfied the government's burden on an issue that the government knew was not being challenged whatsoever. And so on the question as to why the government didn't introduce evidence about, you know, IP address evidence geolocating to Connecticut, that would really have wasted the court's time, the district court's time. It would have wasted the jury's time to hear expert testimony about geolocation of an IP address on an issue that wasn't being contested. So I think that really kind of summarizes the government's argument on the venue issue. I would also point out that with respect to whether Judge Shea in the district court below should have sua sponte issued this instruction on his own, the case law is very clear that the district court does not need to issue an instruction on venue unless the issue has been properly raised by the defendant. Judge Shea was listening to that testimony, and he certainly was well aware that the government had already met the burden of establishing by preponderance that there was venue in Connecticut, not just through Levishoff's testimony, but also through the evidence that there were 50,000 computers in the botnet. Just to clarify, the 10,000 number comes from the fact that when the botnet was being increased, it was being increased by 10,000 computers at a time or attempted to be increased at 10,000 computers at a time. There was evidence in the record that the botnet was at least 50,000 computers at a time, and so that would certainly have been a reasonable basis for a jury to conclude that there was at least one infected computer in Connecticut. Right. And even if you got a response only from 16% of the computers, there's no reason to get 16% of the states. Of course, that's correct, Your Honor. Your Honor's correct with that. But the response was with respect to the attempts to add 10,000 computers at a time to the botnet. Right. So that testimony about 16% isn't even about the botnet. It's about this extra expansion where it's testing. Right. The botnet... Even assuming there's a 16% figure, it still would leave a lot of computers across the country. It's still a lot of computers, yes, Your Honor. If the court has no further questions, the government will rest on its breaths. Thank you. Okay. Thank you very much, Mr. Chang. We'll turn back to Mr. Wallenstein on remote. Thank you, Your Honor. Just briefly, so the government has just conceded that the testimony was elicited for the purpose of establishing venue. So why not then ask Judge Shea to instruct the jury that venue has been established? Well, the government just said they elicited the testimony. The testimony was it's more likely than not that there was in Connecticut, and because the issue wasn't being contested, that was enough evidence. And you don't disagree that preponderance of the evidence was the standard that is with regard to proving venue? No, of course not. That is the standard. And there was testimony in that regard that could have been weighted that way? The testimony was probably yes in response to a question of whether you had a computer in every state. And what Mr. Chang said was I elicit, and he was the trial attorney, he said he elicited that specifically for the purpose of establishing venue. Why doesn't that establish it? Well. You're talking about more probable than not. And he said probably in every state. But I think it would have been a jury question as to whether or not Levashev was believable, because his testimony was just, you know, puffery as I see it. And to say that it's a waste of time to call an expert, they had an expert. The expert could easily have, you know, added 30 seconds to his testimony to say we examined a computer in Connecticut. We found that there was at least one computer in Connecticut. That probably would have obviated my argument. And why not, if you've elicited testimony for the purpose of establishing venue, why not say, Judge Shea, please instruct the jury that we've established venue by a preponderance of the evidence? Why not contest it if you believe that there was none? I think that the defense attorney below should have contested it, but I do think that it was so important that even in the absence of that, you know, the issue of whether or not that was ineffective assistance is one for a 2255, which probably doesn't lie, because Mr. Koshkin's in Belarus. But I think that the judge should have done this sua sponte, even in the absence of a request, because it was such an egregious violation. Okay, thank you very much, Mr. Holmstein. The case is submitted.